IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Josh Stone, | |
| Plaintiff, | **AMENDED COMPLAINT** |
| -against- | Case No. 1:20-cv-00441 (NRB) |
| | **Demand for Jury Trial** |
| Ariana Grande, Thomas Lee Brown, Taylor Monet Parks, Kimberly Anne Krysiuk, Victoria Monet McCants, Charles Michael Anderson, Michael David Foster, Njomza Vitia, BMG Rights Management US LLC, Warner-Tamerlane Publishing Corp., Kobalt Songs Music Publishing, The Royalty Network Inc., Universal Music Corporation, Concord Music Group, Inc. | |
| Defendants. | |

Plaintiff, by and through his attorneys, STUDIN YOUNG PC, alleges as follows:

**PRELIMINARY STATEMENT**

1. Ariana Grande is a world-famous singer/songwriter. Her recent hit song "7 RINGS," released on January 18, 2019, is a worldwide juggernaut that reached #1 on weekly song charts in 23 countries during 2019, and 7 RINGS was recently nominated for multiple Grammy Awards including "Record of the Year."

2. By all accounts, 7 RINGS is a huge commercial success and has generated (and continues to generate) millions of dollars. Indeed, 7 RINGS broke records for the most streams in 24 hours on Spotify and its official video has been viewed over 642 million times just on YouTube alone.

3. And by every method of analysis, 7 RINGS is a forgery – plagiarized from Plaintiff Josh Stone who wrote, recorded and published the nearly identical original work "You Need It, I Got It" (hereafter, "I GOT IT") approximately two years earlier.

4.     Indeed, any comparative analysis of the beat, lyrics, hook, rhythmic structure, metrical placement and narrative context – by musicology experts or everyday listeners alike – demonstrates clearly and convincingly that 7 RINGS copied I GOT IT.

5.     Highly regarded musicology experts have already reached the same conclusions after thorough analysis of both songs. These experts concluded that the identical components and striking similarities make it virtually impossible for 7 RINGS to have been created independently of (and without copying) I GOT IT.

6.     For these reasons, and as further provided herein, Defendants have infringed upon the copyrights of Plaintiff Josh Stone; Defendants have unlawfully exploited I GOT IT; Defendants have deceived and/or confused the public into thinking that 7 RINGS is the independent creation of Defendants. And in doing so, Defendants have, with actual knowledge and fraudulent intent, caused serious and significant injury to Plaintiff Josh Stone.

**PARTIES**

7.     Plaintiff Josh Stone, p/k/a "DOT.", is an American hip hop artist, singer, songwriter and record producer and is a citizen of New York.

8.     Upon information and belief, the Defendant Ariana Grande is a singer, songwriter and record producer residing in the State of California and is registered for authorship of music and lyrics for 7 RINGS.

9.     Upon information and belief, the Defendant Thomas Lee Brown is registered for authorship of music and lyrics for 7 RINGS.

10.    Upon information and belief, the Defendant Taylor Monet Parks is registered for authorship of music and lyrics for 7 RINGS.

11. Upon information and belief, the Defendant Kimberly Anne Krysiuk is registered for authorship of music and lyrics for 7 RINGS.

12. Upon information and belief, the Defendant Victoria Monet McCants is registered for authorship of music and lyrics for 7 RINGS.

13. Upon information and belief, the Charles Michael Anderson is registered for authorship of music and lyrics for 7 RINGS.

14. Upon information and belief, the Defendant Michael David Foster is registered for authorship of music and lyrics for 7 RINGS.

15. Upon information and belief, the Defendant Njomza Vitia is registered for authorship of music and lyrics for 7 RINGS.

16. Upon information and belief, the Defendant BMG Rights Management US LLC is a music publisher that owns or controls a portion of 7 RINGS.

17. Upon information and belief, Defendant Warner-Tamerlane Publishing Corp. is a music publisher that owns or controls a portion of 7 RINGS.

18. Upon information and belief, the Defendant Kobalt Songs Music Publishing is a music publisher that owns or controls a portion of 7 RINGS.

19. Upon information and belief, the Defendant The Royalty Network Inc is a music publisher that owns or controls a portion of 7 RINGS.

20. Upon information and belief, the Defendant Universal Music Corporation is a music publisher that owns or controls a portion of 7 RINGS.

21. Upon information and belief, the Defendant Concord Music Group, Inc. is a music publisher that owns or controls a portion of 7 RINGS.

## JURISDICTION

22. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*.

23. This Court has personal jurisdiction over the Defendants because certain of Defendants reside in New York and all Defendants have directed their activities and marketing of the infringing works to New York residents, who are able to purchase, download and stream the infringing compositions and recordings. As such, the Defendants have engaged in continuing business activities in this jurisdiction.

24. The Defendants are, at a minimum, constructively aware of their continuous and substantial commercial interactions with New York residents.

25. The Defendant, Ariana Grande, has performed, and she and the other Defendants have authorized, organized, and promoted performances of the infringing work numerous times in New York.

26. The Defendants have generated touring revenues from the unauthorized and unlawful exploitation of the infringing work, including receiving substantial revenue from such exploitation in New York.

27. Upon information and belief, the Defendants, individually and collectively, have generated substantial revenue from the exploitation of the infringing works in New York.

28. New York has a considerable interest in adjudicating disputes wherein New York citizens are the target of the harm resulting from exploitation of the infringing work.

29. The Defendants herein facilitated the infringing acts occurring in the United States and have actively participated in a scheme aiding, inducing, and contributing to copyright

infringement in the United States.

30. For those Defendants primarily based outside of New York, given their willful and knowing exploitation of the infringing work in New York and their numerous and continuing business dealings in New York, each could reasonably anticipate being sued in a court in the United States and, specifically, in New York.

31. Venue is proper in this judicial district pursuant to 28 U.S.C 1391(b), 1391(c), and 1400(a), respectively, because Defendants reside in, maintain offices in, and are subject to, personal jurisdiction in this judicial district and have committed unlawful acts of infringement in this judicial district.

## FACTUAL BACKGROUND

32. This is an action for copyright infringement, in violation of 17 U.S.C. §§ 101 *et seq.*, arising from the Defendants' unauthorized reproduction, distribution and/or public performance of the Plaintiff's copyrighted musical composition "You Need I Got It" ("I GOT IT") for the hit song "7 Rings" ("7 RINGS"), written by Ariana Grande and Co-Defendants Brown, Parks, Krysiuk, McCants, Anderson, Foster and Vitia and recorded by Ariana Grande.

### The Timing and Opportunity Support Infringement

33. The musical composition for I GOT IT was written by Josh Stone, who recorded the master recording embodying the musical composition on January 3, 2017 at the Cutting Room Studios in New York, New York.

34. The musical composition I GOT IT is registered and copyrighted with the United States Copyright Office (Registration # SR0000839203) and registered with BMI (Work # 29385153).

35.     On or around August 17, 2017, Josh Stone produced a music video in Los Angeles for I GOT IT which was posted on YouTube on November 20, 2017, and on Facebook on November 21, 2017, where it received over one million views.

36.     Upon information and belief, 7 RINGS, recorded by Ariana Grande, was released on January 18, 2019, more than two years after the master recording of I GOT IT.

37.     After I GOT IT was recorded, Plaintiff Josh Stone began taking meetings with music industry executives and producers in search of opportunities with record labels to produce and distribute his own music and to collaborate with other artists, singers and songwriters.

38.     Between June 6, 2017 and June 13, 2017, Plaintiff attended meetings at Universal Music Group Publishing in Los Angeles (the "UMG Meetings"), where Plaintiff played various music from his catalog, including I GOT IT.  Also, in attendance at the UMG Meetings were Universal Music Group executives and producers as well as other producers.

39.     Among those in attendance at the UMG Meetings in June 2017 was Defendant Thomas Lee Brown, p/k/a "Tommy Brown."

40.     Upon information and belief, Defendant Brown has worked with Ariana Grande on each of her five commercially released studio albums.

41.     Upon information and belief, Defendant Brown is a copyright claimant and has authorship rights on numerous Ariana Grande songs across multiple studio albums.

42.     Defendant Brown is a copyright claimant and registered author of 7 RINGS alongside Ariana Grande.

43.     Defendant Brown contacted Plaintiff Josh Stone several days after the UMG Meetings, still in June 2017 and Brown told Stone that he enjoyed I GOT IT very much and was interested in exploring opportunities to work together.

44.     Defendant Brown had also told Stone that he produced several songs for Leonard Grant, p/k/a "Uncle Murda," who performs on the master recording of I GOT IT and is a registered author of I GOT IT alongside Josh Stone.

45.     Josh Stone believed that Defendant Brown was interested in collaborating with him on I GOT IT and/or other works and projects.

46.     Instead, upon information and belief, Defendant Brown simply took I GOT IT to Ariana Grande and the other Defendants and later repackaged I GOT IT into 7 RINGS.

### Musicological Analysis of 7 RINGS and I GOT IT Demonstrates Clear Infringement

47.     There is no doubt that 7 RINGS is a copy of I GOT IT and that Ariana Grande and her Co-Defendants have infringed Plaintiff Josh Stone's copyrights.

48.     Even a lay person listening to the "hook" and chorus of both songs can hear the strikingly similar and, at times, identical beat, rhythm, lyrics and "call-and-response" phrasing of both songs.

49.     The song 7 RINGS is less than three minutes long, yet the "hook" and chorus of I GOT IT is used three separate times in 7 RINGS for a total of approximately 48 seconds.

50.     In other words, not only does the portions of 7 RINGS that infringe I GOT IT make up nearly 30% of the entire 7 RINGS song, but the infringed portion is repeated in the most essential and distinguished parts of 7 RINGS, the "hook" and chorus section.

51.     The similarity between the two songs can be heard in following YouTube video: https://www.youtube.com/watch?v=OUCxpDKuPr4 or listening to the hook and chorus in the full version of both songs.

52.     Music can be analyzed scientifically as well through musicological research and analysis

to determine whether infringement occurred.

53.     Renowned expert in music composition, Dr. Ronald Sadoff, performed such a comparative analysis of I GOT IT and 7 RINGS.

54.     Dr. Sadoff is the Director and Chair of NYU's Department of Music & Performing Arts Professions, a composer and a universally-accepted expert in music composition.

55.     Dr. Sadoff, after performing his "Musicological Research and Analysis," found that "probative of copying, it is my conclusion that the music and lyrics present in the Hook and Chorus sections of '7 RINGS' would likely not have been composed without prior knowledge of 'You Need It, I Got It.'"

56.     Dr. Sadoff found "significant evidence of clear and permeating similarities in both music and lyrics" between the two songs.

57.     In his detailed report and analysis, including a comparison of the sheet music of each song, Dr. Sadoff summarized that these "clear and permeating similarities… appear in their respective Chorus sections, and notably, within their respective Hooks," which "include a combination of identical and substantially similar lyrics, which are recurrent. Moreover, the lyrics are set to identical rhythmic patterns shared by the two compositions. Finally, the rhythmic and lyrical elements embodied by the songs' corresponding use within eight-measure sets of rhythmic patterns consistently include identical metrical placements within each composition" as seen by the vertical lines in the comparative sheet music prepared by Sadoff:



58.     Dr. Sadoff compared all musicological elements of I GOT IT and 7 RINGS, including "Hook and Chorus Sections," "Rhythmic Structure of the Hooks," "Duration of the Rhythmic Pattern," "Metrical Placement of the Phrases," "Additional Identical Rhythms," and "Lyrics and Narrative Context" – all of which were either identical or substantially similar.

59.     For example, "Each hook contains *twelve* words, with 7 RINGS drawing on *nine* identical words of [I GOT IT] (appearing underlined)" and providing the Hooks as follows:

   7 RINGS: "I Want <u>It</u>, <u>I Got It</u>. I <u>Want It</u>, <u>I Got It</u>."

   I GOT IT: "You Need <u>It</u>, <u>I Got It</u>.  You <u>Want It</u>, <u>I Got It</u>."

60.     As another example, Dr. Sadoff demonstrates (and illustrates with sheet music above)

9

that 7 RINGS has "identical metrical placement of the paired phrases" As shown in the comparative sheet music, 39 notes of the 7 RINGS chorus are identical with the 39 notes of I GOT IT from a metrical placement perspective.

61.   Again, Dr. Sadoff notes that "In total, throughout the eight-measure duration of the Chorus, forty-five notes of 7 RINGS feature the identical metrical placement of the possible forty-eight notes embodied by [I GOT IT]."

62.   Thus, from a scientific, musicological perspective, the rhythmic structure, metrical placement, duration of rhythmic pattern and lyrical elements of composition in 7 RINGS are either identical or substantially similar to I GOT IT – so much so that a renowned expert has concluded that Defendants have infringed upon Plaintiff's copyright.

63.   Another music expert reached the same conclusion – that Defendants' 7 RINGS infringes Plaintiff Stone's I GOT IT. Matthew Harris of Harris Musicology expressly concluded as such after noting that each song "has a chorus that repeats many times and is spoken in an exact rhythm" and that "33 out of 36 notes match exactly. Furthermore, 18 out of the 36 words or syllables of the lyrics match exactly, including nine of the first twelve. Those 12 notes/words are the 'hook' of each song and are virtually identical."

**7 RINGS is a Commercial Success**

64.   Upon information and belief, 7 RINGS has hit the number one position on the national charts in 23 countries during 2019.

65.   Moreover, upon information and belief, 7 RINGS was recently nominated for multiple Grammy Awards including "Record of the Year" and has been certified platinum multiple times by the Recording Industry Association of America, indicating sales in excess of one million (1,000,000) copies sold in the United States, as well as substantial sales internationally (where the

10

song has gone platinum in eleven different countries).

66.     7 RINGS also set numerous streaming records, including Spotify's 24-hour streaming record, Spotify's weekly streaming record and the United Kingdom's most streamed song in one week.  And while the official music video for 7 RINGS was viewed 642 million times on YouTube, all videos of 7 RINGS on YouTube have been viewed, upon information and belief, over 1 Billion times on YouTube alone.

67.     Upon reasonable information and belief, the Defendants have authorized the use of 7 RINGS in television commercials (including for Apple), music videos and compilation albums, further extending its commercial and financial success.

68.     Upon information and belief, 7 RINGS has already earned over $10 million and continues to generate revenue.

### The Infringement by the Defendants is Willful

69.     Defendants were notified of the infringement by letter dated April 19, 2019, delivered by email and certified mail from an attorney on behalf of Plaintiff Josh Stone (the "Notice").

70.     Despite receiving the Notice, Defendants continue to exploit 7 RINGS without permission by using the melodic, harmonic, rhythmic and lyrical compositions copied from I GOT IT.

71.     Despite the Notice, each of the Defendants have continued to infringe Plaintiff's copyrighted work.

72.     The infringement by Defendants is willful, as evidenced by their continuing to infringe I GOT IT after the Notice was provided to them.

73.     Defendants knowingly and intentionally infringed upon Plaintiff's rights. The Defendants' collective knowledge and intent are established by, among other things, the facts set forth herein and by the fact that Defendants to this day have neither sought, nor obtained, a

license from the Plaintiff.

74. All conditions precedent to the maintenance and/or establishment of the instant action have been satisfied and/or otherwise waived by the Defendants

### Defendants' Misappropriation of Plaintiff's Artistic Talent

75. Upon reasonable information and belief, Defendants have distributed, promoted, offered for sale, and sold millions of copies of the infringing work, 7 RINGS, without a license, authority, or other permission from Plaintiff to use his artistic talent.

76. Upon information and belief, at the time the Defendants chose to advertise and sell 7 RINGS, Defendants were aware of Plaintiff's exclusive rights in that work, and to Plaintiff's objections in the Notice sent to Defendants dated April 19, 2019.

77. Despite Defendants' knowledge of Plaintiff's rights in the infringing work, Defendants refused to credit Plaintiff as the original creator of this artistic work and his artistic contribution.

78. Defendants conduct is willful, intentional and represents a conscious disregard for Plaintiff's rights in the infringing work and a calculated decision to misappropriate Plaintiff's artistic talent.

79. Defendants' conduct has caused consumers to mistakenly believe that the infringing work was the artistic talent of Ariana Grande and some of the Defendants. This activity has and continues to irreparably harm Plaintiff Josh Stone.

## AS AND FOR A FIRST CAUSE OF ACTION
### Copyright Infringement – 17 U.S.C. § 101, *et seq.*

80.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 79, as though fully set forth herein.

81.  Defendants' reproduction, distribution and public performances of 7 RINGS continues to this day.

82.  Defendants have not compensated Plaintiff for the use of his copyrighted work even though Defendants received money and other substantial benefits from Plaintiff's composition.

83.  Defendants' reproduction, distribution and public performance of 7 RINGS, and their authorizing others to do the same, infringes Plaintiff's exclusive rights under the Copyright Act.

84.  Defendants' conduct in infringing I GOT IT is knowing and willful.

85.  As a direct and/or proximate cause of Defendants' wrongful conduct, Plaintiff has been irreparably harmed, suffered (and continues to suffer) damages, and Defendants have profited in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
### Infringement of Copyright Claim for Statutory Damages

86.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 86 with the same force and effect as if incorporated and reiterated herein.

87.  Defendants infringed Plaintiff's exclusive copyright in I GOT IT when they copied substantial parts of the song. Such copying was wholly unauthorized.  Defendants did not acquire any consent, authority, approval or license from Plaintiff as owner of the copyrighted work I GOT IT. By virtue of this unauthorized copying, the Defendants have realized illegal revenues.

88.  Defendants infringed on Plaintiff's exclusive copyright in the original master when the Defendants mechanically reproduced and released sound recordings, including digital recording,

compact discs and other phono-records embodying 7 RINGS. Such copying was wholly unauthorized. Defendants did not acquire any consent, authority, approval or license from Plaintiff as owner of the copyrighted work I GOT IT. By virtue of this unauthorized commercial exploitation, Defendants have realized illegal revenues.

89. Defendants further infringed Plaintiff's exclusive copyright in I GOT IT when they issued and/or authorized others to issue licenses to third parties for the use, publication, and exploitation of 7 RINGS or established royalty splits with Co-Defendants not entitled to the illegal revenues generated by 7 RINGS. These license and agreements were issued without any consent, authority or approval from Plaintiff. By virtue of this unauthorized copying, the Defendants have realized illegal revenues.

90. As a direct and proximate result of Defendants' infringement on Plaintiff's exclusive copyright in I GOT IT, Plaintiff has suffered significant damages, which are continuing in nature and will likely continue in the future.

91. Pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to statutory damages.

92. The above referenced actions of the Defendants were committed willfully, and by reason thereof, in the event that Plaintiff elects to recover statutory damages, he is entitled to an increase of the statutory award to a sum of up to $150,000.00 pursuant to 17 U.S.C. § 504(c)(2).

**AS AND FOR A THIRD CAUSE OF ACTION**
**False Designation of Origin Under the Lanham Act § 43 (a),**
**15 U.S.C. § 1125(a) – Against all Defendants**

93. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 93 with the same force and effect as if incorporated and reiterated herein.

94. By distributing, marketing, and otherwise exploiting 7 RINGS in interstate commerce while giving themselves credit for Plaintiff's work, Defendants have falsely represented to the public that Defendants have independently created, and are authors of, 7 RINGS.

95. As a result, members of the public have been deceived and/or confused into believing 7 RINGS is the independent creation of Defendants without properly crediting Plaintiff as the original creator of the work.

96. Defendants have reproduced the work with a false representation as to its creator.

97. Plaintiff has been seriously injured by such deception, in that it negatively impacts his ability to distribute, market, and otherwise exploit I GOT IT. This deception negatively impacts Plaintiff because he is not receiving the credit due for the success experienced by I GOT IT and 7 RINGS and he is not able to further his career aspirations in the music industry with the same opportunity as without the infringement.

98. By engaging in the wrongful conduct described herein and above, Defendants have misappropriated the artistic talent required to create the work, which violates Section 43(a) of the Lanham Act, 15 U.S.C. §1125 (a) for False Designation of Origin.  Defendants have engaged in the conduct described herein with fraudulent intent, and with the actual knowledge of the harm being caused to Plaintiff by such wrongful conduct/acts; as such, this exceptional case merits an award of treble damages and attorneys' fees against Defendants.

99. Defendants' acts and conduct have caused, and will continue to cause, Plaintiff great and irreparable injury that cannot be adequately compensated or measured in damages. Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage, and injury unless Defendants are restrained and enjoined from continuing to engage in such wrongful conduct.

## AS AND FOR A FOURTH CAUSE OF ACTION
"Reverse Passing Off" Under the Lanham Act § 43(a),
15 U.S.C. §1125(a) – Against All Defendants

100. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 99 with the same force and effect as if incorporated and reiterated herein.

101. The Defendants have appropriated and copied the original expression of I GOT IT without consent, credit or compensation by writing, performing, and recording 7 RINGS.

102. As a result, members of the public have been deceived and/or confused into believing that 7 RINGS is the independent creation of Defendants. Plaintiff is seriously and significantly injured by such deception and misattribution, in that it negatively impacts his ability to distribute, market and otherwise avail himself to I GOT IT and he is not able to further his career aspirations in the music industry with the same opportunity as without the infringement.

103. By engaging in the wrongful conduct described herein, Defendants have violated section 43(a) of the Lanham Act, 15 U.S.C. §1125 (a) for Reverse Passing Off. Defendants have engaged in the conduct described herein with fraudulent intent, and with actual knowledge of the harm being caused to Plaintiff by such wrongful conduct/acts; as such, this exceptional case merits an award of treble damages and attorneys' fees against Defendants.

104. Defendants' aggregate acts and conduct have caused, and will continue to cause, the Plaintiff significant and irreparable injury that cannot be adequately compensated or measured in damages. Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage, and injury unless the Defendants are restrained and enjoined from continuing to engage in such wrongful conduct.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Vicarious Copyright Infringement)

105. Plaintiff repeats and realleges Paragraphs 1 through 102 with the same force and effect as if incorporated and reiterated herein.

106. The reproduction, distribution and creation of derivative works from I GOT IT constitutes the direct infringement of I GOT IT and Plaintiff's copyright thereto.

107. Upon information and belief, the Defendants derive a direct financial benefit from this infringement, including without limitation revenue sharing and/or royalty payments for each infringing version sold.

108. Upon information and belief, Defendants have the right and ability to supervise the activities of those engaged in the infringement, including without limitation contractual rights, license agreement(s), and/or other artistic or approval rights.

109. Defendants' acts of infringement were willful, in disregard of, and with indifference to, the rights of Plaintiff.

110. As a result of Defendants' acts or omissions as set forth herein, Plaintiff has suffered and continues to suffer substantial damages to his business including, without limitation, diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of his rights, none of which may be fully ascertained at this time. The Defendants have also unlawfully profited from their infringement, constituting actual damages not yet fully ascertainable but expected to be sufficiently established through discovery and trial.

## **DEMAND FOR JURY TRIAL**

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendants as follows:

A.  For declaratory judgment that Defendants have violated the Copyright Act and that all such violations have been willful; and

B.  For judgment entering a preliminary and permanent injunction (and waiver of bond) enjoining and restraining Defendants and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from infringing Plaintiff's exclusive rights under the Copyright Act by reproducing, distributing and publicly performing 7 RINGS, and authorizing others to the same; and

C.  For judgment assessing Defendants for the damages suffered by Plaintiff, including an award of actual damages and Defendants' profits attributable to the infringement (and future damages and/or profits), and/or statutory damages (at Plaintiff's election) under the Copyright Act, as well as costs and attorneys' fees to the full extent provided for by Sections 501, 504 and 505 of the Copyright Act, 17 U.S.C. §§ 501, 504 and 505; and

D.  For a judgment directing that Defendants deliver up for destruction to Plaintiffs all copies of 7 RINGS in their possession or under their control, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503; and

E.  For judgment granting such other, further, and different relief as to the Court may seem just and proper, including Plaintiffs' costs and reasonable attorneys' fees.

Dated: July 28, 2020
       Hauppauge, New York

STUDIN YOUNG PC

By: _____
Tamir Young, Esq.
350 Motor Parkway, Ste 404
Hauppauge, New York 11788
631-414-7500
tyoung@studinyounglaw.com
*Attorneys for Plaintiff*