UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSH STONE,

                              Plaintiffs,

          -against-

ARIANA GRANDE, THOMAS LEE BROWN,
TAYLOR MONET PARKS, KIMBERLY ANNE
KRYSIUK, VICTORIA MONET MCCANTS,
CHARLES MICHAEL ANDERSON, MICHAEL
DAVID FOSTER, NJOMZA VITIA, BMG
RIGHTS MANAGEMENT US LLC,
 WARNERTAMERLANE
PUBLISHING CORP., KOBALT
SONGS MUSIC PUBLISHING, THE ROYALTY
NETWORK INC., UNIVERSAL MUSIC
CORPORATION, CONCORD MUSIC GROUP,
INC.,

Civil Action No. 20-CV-441 (NRB)

**Oral Argument Requested**

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**STUDIN YOUNG PC**
**350 Motor Parkway, Suite 404**
**Hauppauge, New York 11788**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ........................................................................................ 3

    A.    The Songs at Issue............................................................................... 3

    B.    Defendants Had Access to Plaintiff's Work........................................ 4

    C.    Substantial Similarities in the Chorus of YOU NEED IT, I GOT IT
          and 7 RINGS.................................................................................... 5

    D.    Defendants Continue to Infringe on Plaintiff's Copyright................... 7

    E.    Procedural History............................................................................. 7

ARGUMENT............................................................................................................ 8

  I.   Standard for Motion to Dismiss Pursuant to FRCP 12(b)(6); Pleading Requirement....... 8

  II.  Plaintiff Sufficiently States a Claim for Copyright Infringement ........................... 10

    A.    Plaintiff is the Owner of a Valid Copyright........................................ 10

    B.    Plaintiff Sufficiently Pleads Similarities Between the Chorus of 7 RINGS
          and the Chorus of YOU NEED IT, I GOT IT, which is Protectable by
          Copyright Law ................................................................................ 11

          1.    The Chorus in YOU NEED IT, I GOT IT is Copyrightable –
              and Any Fact-Based Arguments Otherwise Cannot be
              Determined on a Motion to Dismiss. ..................................... 12

          2.    The Chorus in YOU NEED IT, I GOT IT is Sufficiently Original –
              and Any Fact-Based Arguments Otherwise Cannot be
              Determined on a Motion to Dismiss ...................................... 13

    C.    This Court Cannot Find that No Substantial Similarity Exists Between the
          Chorus of the Two Songs ................................................................ 17

  III.  Plaintiff Sufficiently States a Claim for "False Designation of Origin" and Reverse
      Passing OFF" under the Lanham Act ............................................................... 21

  IV.  Plaintiff Sufficiently States a Claim for Vicarious Copyright Infringement ................. 23

CONCLUSION....................................................................................................... 25

i

# TABLE OF AUTHORITIES

**Cases:**          **Page(s)**

*Ariel (U.K.) Ltd. V. Reuters Group PLC*
2006 US Dist LEXIS 79319 (S.D.N.Y. Oct. 31, 2006) ....................................................23

*Arista Records LLC v. Doe*
604 F.3d 110 (2d Cir. 2010)...........................................................................................24

*Arnstein v. Porter*
145 F.2d 464 (2d Cir. 1946)...........................................................................................18

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .........................................................................................................8

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)........................................................................................8, 9, 23, 24

*Benjamin v. Consol. Edison Co. of NY*
No. 17-CV-1720 (JMF), 2018 US Dist LEXIS 45678 (S.D.N.Y. Mar. 20, 2018 ............25

*Boisson v. Banian, Ltd.*
273 F.3d 262 (2d Cir. 2001),...........................................................................................19

*Boykin v. KeyCorp*
521 F.3d 202 (2d Cir. 2008),...........................................................................................24

*Castle Rock Entertainment, Inc. v. Carol Publishing Group*
150 F.3d 132 (2d Cir. 1998)......................................................................................13, 18

*Chambers v. Time Warner, Inc.*
282 F.3d 147 (2d Cir. 2002).............................................................................................9

*Conley v. Gibson*
355 U.S. 41 (1957).............................................................................................................9

*Dastar Corp. v. Twentieth Century Fox Film Corp.*
539 U.S. 23 (2003)...........................................................................................................22

*DiFolco v. MSNBC Cable LLC*
622 F.3d 147 (2d Cir. 2002), 644 F.3d 122 (2d Cir. 2011) .............................................8,9

*Edwards v. Raymond*
253 F.Supp.3d 737 (S.D.N.Y. 2017)...............................................................................12

*Estate of Smith v. Cash Money Records, Inc.*
22 F.Supp.3d 293 (S.D.N.Y. 2014) ................................................................................18

## TABLE OF AUTHORITIES

*Ez-Tixz, Inc. v. Hit-Tix, Inc.*
    919 F. Supp. 728 (S.D.N.Y. 1996) ...............................................................24

*Famous Horse Inc. v. 5th Ave. Photo Inc.*
    624 F.3d 106 (2d Cir. 2010) ........................................................................8

*Feist Publications, Inc. v. Rural Tel Serv. Co.*
    499 U.S. 340 (1991)...................................................................10, 14, 20

*Gaste v. Kaiserman*
    863 F.2d 1061 (2d Cir. 1988).................................................................17,18

*Glover v. Austin*
    289 Fed.Appx. 430 (2d Cir. 2008) ....................................................................17

*Griffin v. Sheeran*
    351 F.Supp.3d 492 (S.D.N.Y. 2019)..........................................14, 16, 17, 18

*Hamil Am., Inc. v. GFI, Inc.*
    193 F.3d 92 (2d Cir. 1999) ..........................................................................10

*Knitwaves, Inc. v. Lollytogs Ltd.*
    71 F.3d 996, 1003-1004 (2d Cir. 1995) ............................................14, 19,20

*Kregos v. AP*
    3 F.3d 656 (2d Cir 1993)............................................................................10

*La Resolana Architects, PA v. Reno Inc.*
    555 F.3d 1171 (10th Cir. 2009) ......................................................................20

*Laureyssens v. Idea Group*, Inc.
    964 F.2d 131 (2d Cir. 1992).........................................................................10

*Levine v. Landy*
    832 F.Supp.2d 176 (N.D.N.Y. 2011)...................................................21, 22, 23

*Matthew Bender & Co. v. W. Pub. Co.*
    158 F.3d 674 (2d Cir. 1998)...............................................................14, 16, 17

*May v. Sony Music Entm't*
    399 F.Supp.3d 169 (S.D.N.Y. 2019)..........................................13, 14, 15, 16,17

*Mowry v. Viacom Int'l Inc.*
    No. 03-CV-3090(AJP), 2005 WL 1793773 (S.D.N.Y. 2005) ...........................20

# TABLE OF AUTHORITIES

*Narrative Ark Entm't LLC v. Archie Comic Publ'ns, Inc.*
No. 16-CV-6109 (VB), 2017 US Dist LEXIS 143480 (S.D.N.Y. Sept. 5, 2017) ........22,23

*Newton v. Diamond*
388 F.3d 1189 (9th Cir. 2004) ..........................................................................18

*Nihon Keizai Shimbun, Inc. v. Comline Business Data, Inc.*
166 F.3d 65 (2d Cir. 1999)................................................................................18

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*
602 F.3d 57 (2d Cir. 2010)..........................................................................19,20

*Rams v. Def Jam Recs., Inc.*
202 F.Supp.3d 376 (S.D.N.Y. 2016)..................................................................25

*Ringgold v. Black Entertainment Television, Inc.*
20 N.Y.2d 493 (1967) ......................................................................................18

*Repp v. Webber*
132 F.3d 882 (2d Cir. 1997) ............................................................................17

*Salinger v. Random* House, Inc.
811 F.2d 90 (2d Cir. 1987)..........................................................................13,15

*Shapiro, Bernstein & Co. v. H.L. Green Co.*
316 F.2d 304 (2d Cir. 1963)..............................................................................24

*TufAmerica, Inc v. Diamond*
968 F. Supp.2d 588 (S.D.N.Y. 2013)........................................................*Passim*

*Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*
338 F.3d 127(2d Cir. 2003) ..............................................................................19

*Ulloa v. Universal Music & Video Distribution Corp.*
303 F.Supp.2d 409 (S.D.N.Y 2004) ............................................................16,17

*Villager Pond, Inc. v. Town of Darien*
56 F. 3d 375 (2d Cir. 1995)................................................................................8

*Waldman Publ. Corp. v. Landoll, Inc.*
43 F3d 775 (2d Cir 1994)..................................................................................21

*Warner Bros. Entm't, Inc. v. RDR Books*
575 F. Supp.2d 513 (S.D.N.Y. 2008)..................................................................10

iv

## TABLE OF AUTHORITIES

*Watson v. Cie. Financiére Richemont SA*
      2020 US Dist LEXIS 154709 (S.D.N.Y. Aug. 25, 2020)............................................23,24

*Williams v. Broadus*,
      2001 U.S. Dist. LEXIS 12894, 2001 WL 984714 (S.D.N.Y. Aug. 27, 2001)........13,16,18

**Statutes & Other Authorities:**

Fed. R. Civ. P. 8(a)(2) ..............................................................................................9, 24

Fed. R. Civ. P. 11..........................................................................................................22,23

Fed. R. Civ. P. 12(b)(6) ................................................................................................89

Section 43 (a) of the Lanham Act, 15 U.S.C. § 1124 (a)....................................................

1 M. Nimmer & D. Nimmer, Copyright (1990) § 1.08 [C][1] ...........................................

4 Nimmer § 130.03[A][2], at 13-45 ...........................................................................21

4-13 Nimmer (2017) § 13.03 .....................................................................................22

2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 8.21[E] (1994) ....................22

Plaintiffs respectfully submit this Memorandum of Law, along with the accompanying declaration and exhibit annexed thereto, in opposition to Defendants' motion to dismiss the Amended Complaint.[1]

## PRELIMINARY STATEMENT

Plaintiff brings this action for copyright infringement and violation of the Lanham Act arising from the Defendants' unauthorized reproduction, distribution and/or public performance of the Plaintiff's copyrighted musical composition "You Need It, I Got It" ("YOU NEED IT, I GOT IT") for the hit song "7 Rings" ("7 RINGS"), written by the individual Defendants, and for false designation of origin and "reverse passing off" in violation § 43(a) of the Lanham Act.

In their enthusiastic attempt to dismiss plaintiff's copyright infringement claim, Defendants embark on a series of missteps and mischaracterizations in order to invoke inapplicable case law to the present action. First, Defendants intentionally mischaracterize plaintiff's copyright infringement claim entirely – trying to frame it as merely copying a few words of lyrics alone ("I got it" or "want it") when the infringement in 7 RINGS is clearly much deeper. In creating his original work in YOU NEED IT, I GOT IT, Plaintiff Josh Stone artistically combined numerous musical elements in forming his repeating and pulsating "hook" and chorus – including the lyrics ("You need it, I got it. You want it, I got it."), beat, rhythmic structure, notes and inflection/melody. It's not just that the chorus in Defendants' song 7 RINGS uses nine of the twelve words in the chorus of YOU NEED IT, I GOT IT (i.e., "I want it, I got it. I want it, I got it."). And while that supports a claim for copyright infringement on its own, this case is about much more than that. Listening to the hook and chorus of the two subject songs

---

[1] Defendants refer to Plaintiff's Amended Complaint (ECF Doc No. 28, filed 7/28/2020) as the "First Amended Complaint", abbreviated "FAC". To avoid confusion, Plaintiff adapts the "FAC" abbreviation for his Amended Complaint.

juxtaposed against each other (*see* (*listen to*) Young Exhs A and B)[2], it becomes obvious that the songwriters of 7 RINGS (some of whom had access to, listened to and enjoyed YOU NEED IT, I GOT IT prior to writing 7 RINGS) chose to use those same words, the same repeating and pulsating beats and rhythms and duration of the rhythm, and the same notes and inflection and melody in delivering the 7 RINGS hook and chorus  - so much so that a veteran, well-respected composer and musicologists found "significant evidence of clear and permeating similarities in both music and lyrics," and that the lyrics are "set to identical rhythmic patterns" and that the "rhythmic and lyrical elements embodied by the songs corresponding use within eight-measure sets of rhythmic patterns consistently include identical metrical placements within each composition".  This musicology expert ultimately concluded that chorus sections of 7 RINGS and YOU NEED IT, I GOT IT were "substantially similar" in their "distinctive and memorable" hooks and that "the music and lyrics present in the Hook and Chorus section of 7 RINGS would likely not have been composed without prior knowledge of YOU NEED IT, I GOT IT."

In addition to Defendants intentionally mischaracterizing Plaintiff's copyright infringement claim, Defendants also (1) raise factual issues regarding the originality and protectability of Plaintiff's work that cannot properly be resolved in a motion to dismiss, (2) intentionally and improperly parse Plaintiff's copyrightable elements into small, isolated components in order to fit into their pre-packaged set of case law; and (3) submit the wrong test for substantial similarity in music copyright cases such as this (the proper test being "fragmented literal similarity" test).  Only by undertaking these intentional missteps and mischaracterizations can Defendants build a false argument that Plaintiff's copyright infringement claims be dismissed and even then, the law in this Circuit is clear that such questions cannot be resolved at

---

[2] "Young Exh __" refers to the Declaration of Tamir Young, dated October 26, 2020.

the motion to dismiss stage.  Thankfully, the music speaks for itself – and the case law specific to this kind of music copyright infringement (which applies the proper motion to dismiss standards to the proper substantial similarity test and copyright principles) demonstrates quite clearly why Defendants' motion to dismiss Plaintiff's copyright infringement claims must be denied.

Plaintiff sufficiently meets the legal standards in his factual allegation on his Lanham Act and vicarious copyright liability claims, for which Defendants' motion must also be denied.

## STATEMENT OF FACTS

### A.  The Songs at Issue.

Plaintiff Josh Stone ("Plaintiff") is an American hip hop artist, singer, songwriter and record producer, who recorded and published the musical composition "YOU NEED IT, I GOT IT" on January 3, 2017. FAC ¶¶ 7, 33.  YOU NEED IT, I GOT IT is registered and copyrighted with the United States Copyright Office (Registration Number #SR0000839203). FAC ¶ 34.

Defendant, Ariana Grande, is a successful singer/songwriter. FAC ¶¶ 1, 8 Grande and the other individual Defendants are credited with authorship of the new music and lyrics of 7 RINGS.[3] FAC ¶¶ 8-15. Defendants' hit song "7 RINGS," released on January 18, 2019, is a worldwide hit that reached #1 on weekly song charts in 23 countries during 2019. FAC ¶ 1.   7 RINGS was recently nominated for multiple Grammy Awards including "Record of the Year."  FAC ¶ 10

The less than three-minute song 7 RINGS is mostly a combination of two prior copyrighted works. FAC ¶ 49; Farkas Exh. B (side-by-side comparison of both YOU NEED IT, I GOT IT and 7 RINGS); Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's First Amended Complaint ("Defs' Br") at 2-3. The first song ("My Favorite

---

[3] As is typical in such actions involving numerous authors of a work, discovery is required to ascertain details on the particular contributions, roles and process in writing 7 RINGS, which Plaintiff will initiate after this motion is denied.

Things" by Rodgers and Hammerstein) is used twice in 7 RINGS for a total of approximately 52 seconds.  For permission to use that song, the individual defendants licensed the work and agreed to convey to the My Favorite Things copyright owners 90% of the publishing – this part of the song is not in dispute. Defs' Br at 4. The second song, Plaintiff's YOU NEED IT, I GOT IT, is used as the chorus of 7 RINGS and repeated three times for a total of 48 seconds (or 30% of the entire song).  FAC ¶¶ 49-50.  Defendants did not obtain a license or permission to use the chorus of YOU NEED IT, I GOT IT in 7 RINGS. FAC ¶¶ 73, 75, 87 and 88.

### B.  Defendants Had Access to Plaintiff's Work

After YOU NEED IT, I GOT IT was recorded, Plaintiff began taking meetings with music industry executives and producers in search of opportunities with record labels to produce and distribute his own music and to collaborate with other artists, singers, and songwriters. FAC ¶ 37.  Between June 6, 2017 and June 13, 2017, Plaintiff attended meetings at Universal Music Group Publishing in Los Angeles (the "UMG Meetings"), where Plaintiff played various music from his catalog, including YOU NEED IT, I GOT IT.  FAC ¶ 38.

In attendance at the UMG Meetings were Defendant Universal Music Group executives and producers as well as other producers, including Defendant Thomas Lee Brown, p/k/a "Tommy Brown."  FAC ¶ 39.  Defendant Brown is a copyright claimant and registered author of 7 RINGS alongside Ariana Grande.  FAC ¶ 40.  Brown contacted Plaintiff Josh Stone several days after the UMG Meetings, still in June 2017, and told Stone that he enjoyed YOU NEED IT, I GOT IT very much and was interested in exploring opportunities to work together. FAC ¶ 43. Tommy Brown told Plaintiff that he previously produced several songs for Leonard Grant (p/k/a "Uncle Murda"), who performs on the master recording of YOU NEED IT, I GOT IT, alongside Plaintiff Josh Stone. FAC ¶ 44. Josh Stone believed that Defendant Brown was interested in

4

collaborating with him on YOU NEED IT, I GOT IT and/or other works and projects. Instead, upon information and belief, Defendant Brown simply took I YOU NEED IT, I GOT IT to Ariana Grande and the other Defendants and later repackaged the chorus of YOU NEED IT, I GOT IT into the chorus of 7 RINGS. FAC ¶¶ 38-46.

### C.  Substantial Similarities in the Chorus of YOU NEED IT, I GOT IT and 7 RINGS

Defendants' strikingly and substantially similar "hook" and chorus, which consists of the phrase "I Want It, I Got It," along with numerous other identical and nearly identical musical elements was intentionally usurped from Plaintiff's chorus and repeated at least three times in Defendants' 7 RINGS. 7 RINGS is less than three minutes long, yet the chorus/hook of I GOT IT is used three separate times for a total of approximately 48 seconds. FAC ¶49. Not only do the portions of 7 RINGS that infringe I GOT IT make up nearly 30% of the entire 7 RINGS song, but the chorus/hook of 7 RINGS is almost exclusively based upon and embodied by Plaintiff's YOU NEED IT, I GOT IT. FAC ¶¶ 49-50.  The substantial similarities are obvious when the lyrics of the two choruses are viewed side by side but are even more striking when listening to the two choruses in succession. *See* (Young Exhs A and B (side-by-side comparison of the chorus of YOU NEED IT, I GOT IT and 7 RINGS played in succession):

| YOU NEED IT, I GOT IT<br>(Hook-Chorus) | 7 RINGS<br>(Hook-Chorus) |
|---|---|
| You need It, I got it<br>You want it, I got it<br>You Need It, I got it<br>It's all for, the profit | I want it, I got it<br>I want it, I got it<br>I want it, I got it<br>I want it, I got it |

Indeed, renowned expert in music composition, Dr. Ronald Sadoff, performed a comparative analysis of I GOT IT and 7 RINGS and concluded that "probative of copying, it is my conclusion that the music and lyrics present in the Hook and Chorus sections of '7 RINGS'

would likely not have been composed without prior knowledge of 'You Need It, I Got it.'" FAC. ¶ 55. Dr. Sadoff compared all musicological elements of I GOT IT and 7 RINGS, including "Hook and Chorus Sections," "Rhythmic Structure of the Hooks," "Duration of the Rhythmic Pattern," "Metrical Placement of the Phrases," "Additional Identical Rhythms," and "Lyrics and Narrative Context" – all of which were either identical or substantially similar. FAC ¶ 58.

In Dr. Sadoff's detailed report, which included a comparison of the sheet music of each song, he summarized that "clear and permeating similarities … appear in their respective chorus sections, and notably, within their Hooks, which "include a combination of identical and substantially similar lyrics, which are recurrent. Moreover, the lyrics are set to *identical* rhythmic patterns shared by the two compositions. FAC ¶57. Plaintiff's Amended Complaint provides details of Dr. Sadoff's report noting the following:

- "Each hook contains twelve words, with 7 RINGS drawing on nine identical words of YOU NEED IT, I GOT IT FAC ¶ 59.

- "As shown in the comparative sheet music, 39 notes of the 7 RINGS chorus are identical with the 39 notes of [YOU NEED IT, I GOT IT] from a metrical placement perspective." FAC ¶ 60.

- "In total, throughout the eight-measure duration of the Chorus, forty-five notes of 7 RINGS feature the identical metrical placement of the possible forty-eight notes embodied by YOU NEED IT, I GOT IT FAC ¶ 61.

Another music expert reached the same conclusion – that Defendants' 7 RINGS infringes Plaintiff Stone's YOU NEED IT, I GOT IT.  Matthew Harris of Harris Musicology expressly concluded as such after noting that each song "has a chorus that repeats many times and is spoken in an exact rhythm" and that "33 out of 36 notes match exactly. Furthermore, 18 out of the 36

words or syllables of the lyrics match exactly, including nine of the first twelve.  Those 12 notes/words are the 'hook' of each song and are virtually identical." FAC ¶ 63.

As the author and songwriter of YOU NEED IT, I GOT IT, Plaintiff Josh Stone selected, coordinated and arranged the lyrics and musical elements into a unique and original chorus.

Plaintiff was the *first* to construct/create/author this unique sequence combining both the lyrical and musical arrangement. There is no doubt that the chorus in 7 RINGS is a copy Plaintiff's original chorus and that the Defendants have infringed Plaintiff Josh Stone's copyright.

**D.  Defendants Continue to Infringe on Plaintiff's Copyright**

Defendants were notified of the infringement by letter dated April 19, 2019, delivered by email and certified mail from an attorney on behalf of Plaintiff Josh Stone (the "Notice"). Despite receiving the Notice, Defendants continue to exploit 7 RINGS without permission. FAC ¶¶ 69-72. Defendants knowingly and intentionally infringed upon Plaintiff's rights. Defendants never sought or contemplated to secure a license or other permission from Plaintiff to use, take, copy or implement his protected and original work into 7 RINGS. FAC ¶¶ 69-72. In stark contrast, Defendant paid 90% of the royalties of 7 RINGS to defendant Concord Music Group, Inc., which holds the rights to the other music used in 7 RINGS – "My Favorite Things" written by Rodgers & Hammerstein.

**E.  Procedural History**

On January 17, 2020, Plaintiff filed a summons and complaint with the United States District Court for the Southern District of New York (ECF No. 1) against all Defendants. On July 8, 2020, Defendants' requested a pre-motion conference to seek leave to move to dismiss Plaintiff's Complaint. ECF No. 25. Plaintiff responded on July 13, 2020. ECF No. 26. The Court issued an order granting Plaintiff the option to amend. ECF No. 27. Plaintiff filed his Amended

Complaint on July 28, 2020, to include additional proof of substantial similarities between the two choruses, to which no additional proof was necessary as the Plaintiff's initial complaint already sufficiently alleged a claim from copyright infringement, and Plaintiff also added allegations to his Lanham Act claims. ECF No. 28. On August 11, 2020 Defendants submitted a second request for a pre-motion conference, seeking leave to dismiss the Amended Complaint (ECF No. 29) and on August 18, 2020, the Court issued an order permitting Defendants to bring the instant motion. ECF NO. 31.

## ARGUMENT

### I.      Standard for Motion to Dismiss Pursuant to FRCP 12(b)(6); Pleading Requirement.

In considering a motion to dismiss pursuant to the FRCP 12(b)(6), courts are instructed to construe the complaint liberally, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010).  When deciding on such a motion, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

To survive a motion to dismiss under FRCP 12(b)(6), "the plaintiff's pleading must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *TufAmerica, Inc. v. Diamond*, 968 F.Supp.2d 588, 592 (S.D.N.Y. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  In addition to the allegations of the pleading itself, the Court may consider documents attached as exhibits, incorporated by reference in the complaint or materials integral to the complaint. *DiFolco*

*v. MSNBC Cable LLC*, 622 F.3d 104 (2d Cir. 2010), 644 F.3d 122, 131 n.7 (2d Cir. 2011); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

Plaintiff expressly incorporates and relies on the portions of the musical works at issue in the Amended Complaint, as well as the musicological analysis of renowned expert, Dr. Ronald Sadoff, who performed a comparative analysis of YOU NEED IT, I GOT IT and 7 RINGS and found "significant evidence of clear and permeating similarities in both music and lyrics" "probative of copying." FAC ¶¶ 54-57.

FRCP 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 548 (quoting *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957) ("complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

Here, there is no doubt that Defendants' motion to dismiss must be denied in its entirety. Plaintiff's robust Amended Complaint sufficiently states grounds for relief of his claims through a detailed set of factual allegations which this Court must, at this juncture, accept as true and draw all inferences therefrom in the light most favorable to Plaintiff. This is especially true of Plaintiff's copyright infringement claims, which clearly have facial plausibility when considering the findings of musicology expert, Dr. Ronald Sadoff, which this Court shall consider (as such findings are referenced at FAC ¶¶ 53-62) and accept as true.

## II.      Plaintiff Sufficiently States A Claim for Copyright Infringement.

To establish a *prima facie* case for copyright infringement, Plaintiff must demonstrate (as he plausibly and sufficiently does in the Amended Complaint) that (1) he is the owner of a valid copyright, and (2) Defendants copied "constituent elements" of Plaintiff's copyrighted work." *TufAmerica, Inc.* 968 F.Supp.2d at 595 (citing *Warner Bros. Entm't, Inc. v. RDR Books,* 575 F.Supp.2d 513, 533 (S.D.N.Y. 2008)); *Feist Publications, Inc. v. Rural Tel Serv. Co.*, 499 U.S. 340, 345-346 (1991). A showing of actual copying through direct evidence is very rare; copying is more typically demonstrated through indirect evidence, which "includes access to the copyrighted work, similarities that are probative of copying between the works, and expert testimony." *Laureyssens v. Idea Group, Inc.*, 964 F.2d 131, 139 (2d Cir. 1992); *Kregos v. AP*, 3 F3d 656, 662 (2d Cir. 1993) ("copying is generally established by showing (a) that the defendant had access to the copyrighted work and (b) the substantial similarity of protectible material in the two works").

### A.  <u>Plaintiff is the Owner of a Valid Copyright</u>

It is undisputed that Plaintiff sufficiently pleads and proves that he owns a valid copyright to YOU NEED IT, I GOT IT, which includes the work's chorus/hook, by providing the registration number from the United States Copyright Office (*i.e.*, Registration #SR0000839203).  FAC ¶¶ 33-34; *Hamil Am., Inc. v GFI, Inc.*, 193 F3d 92, 98 (2d Cir 1999) ("registration from the United States Register of Copyrights constitutes *prima facie* evidence of the valid ownership of a copyright"). And Plaintiff plausibly and successfully pleads that the Defendants actually copied his chorus by proving that (1) at least one of the Defendants claiming authorship of 7 RINGS, Thomas Lee Brown ("Tommy Brown"), had access to Plaintiff's work after Plaintiff created his work and before 7 RINGS was written (FAC ¶¶ 9, 38-46) and (2) Defendants' copying is illegal because a

substantial similarity exists between the chorus in Defendants' work and the protected elements of Plaintiff's chorus, as detailed in the Amended Complaint and as concluded with great detail by a respected musicology expert whose report is referenced therein. FAC ¶¶ 47-63.

### B. Plaintiff Sufficiently Pleads Similarities Between the Chorus of 7 RINGS and the Chorus of YOU NEED IT, I GOT IT, Which is Protectable by Copyright Law

Defendants seek to dismiss Plaintiff's copyright infringement claims at this early motion to dismiss stage by arguing that Plaintiff's work is not "protectible" by copyright law and that "no substantial similarity exists" between YOU NEED IT, I GOT IT and 7 RINGS.  In their motion papers, Defendants mischaracterize Plaintiff's actual copyright infringement claim by focusing only on the lyrics of Plaintiff's work (and even there, Defendants mistakenly argue that only the "identical" lyrics matter).  Further, Defendants misinterpret case law on what constitutes infringement, apply the wrong test for substantial similarity and completely ignore the fact that Plaintiff's Amended Complaint contains factual allegations (that this Court must accept as true) that a renowned musicology expert analyzed and compared numerous components of the works at issue and concluded that there were substantial similarities probative of copying.

With respect to the protectability of Plaintiff's work (which speaks to the fact-intensive analysis of originality and creativity), Defendants put forth three flawed reasons why Plaintiff's copyright claims should be dismissed: (1) Plaintiff's lyrics "I got it" and "want it" (which they intentionally and improperly shorten into subcomponents) are "short, commonplace phrases [that] are not protectible" (Defs' Br at 10), (2) Plaintiff's lyrics "I got it" and "want it" are not original, and (3) Plaintiff's "generic cadence of the phrases at issue is not protectible and expressed differently in the Grande work."  As discussed below, Defendants raise fact-based questions that are not appropriately decided upon a motion to dismiss.

1.      The Chorus in YOU NEED IT, I GOT IT is Copyrightable – and Any Fact-Based
        Arguments Otherwise Cannot be Determined on a Motion to Dismiss.

Plaintiff, through his Amended Complaint, alleges copyright infringement of numerous elements of the chorus of YOU NEED IT, I GOT IT by Defendants in the chorus of 7 RINGS, including the lyrics, rhythmic structures, duration of the rhythmic pattern, metrical placement of the phrases in the chorus, and other unique elements like the inflection and melody in delivering its hook and chorus.  FAC ¶¶ 47-63.

Defendants have chosen to re-write Plaintiff's infringement claims – focusing their argument only on the "identical" lyrics "I got it" and "want it" and ignoring Plaintiff's other allegations of infringement.  As a threshold matter, this alone is enough to warrant a denial of Defendants' motion.  Presumably, Defendants either could not find valid arguments to dismiss the other creative components of Plaintiffs' work at this stage or they felt this one small subpart was the easiest to attack – or both.  Either way, Defendants' failure to seek dismissal for significant portions of Plaintiff's copyright infringement claims in their moving papers requires that such claims survive the present motion.

Turning to Defendants argument that "I got it" and "want it" are too short or commonplace as to be protectible by copyright law, Defendants merely raise an issue a fact that cannot be decided on a motion to dismiss.[4]  The cases cited by Defendants are distinguishable.  For example, in *Edwards v. Raymond*, 22 F.Supp.3d 293 (S.D.N.Y. 2014), the court dismissed plaintiff's copyright claims because (1) the short phrase "caught up" is a "common phrase" "used in everyday speech in a variety of contexts" and (2) "there is no substantial similarity" in either the music or lyrics.  *Id*. at 298-99.   The same cannot be said of the phrase, "You need it, I got it.

---

[4] Defendants' argument that certain words, titles, slogans and short phrases may not be protectible is part of the larger copyright principle of originality.  As such, Plaintiff discusses this argument in Section II.B.2 herein.

You want it, I got it" where Defendants copy numerous elements of Plaintiff's chorus and the striking similarity thereof is highly probative of copying. *See (listen to)* Young Exh A and B (side-by-side comparison of YOU NEED IT, I GOT IT and 7 RINGS).

Despite Defendants' contention otherwise, the phrasing in the chorus of Plaintiff's work is "You need it, I got it.  You want it, I got it" and the phrasing in 7 RINGS is "I want it, I got it. I want it, I got it."  Nine of the twelve words are identical, and the remainder is just paraphrasing, which also gives rise to copyright infringement.  *Castle Rock Entertainment, Inc. v. Carol Publishing Group, Inc.*, 150 F.3d 132, 140 (2d Cir. 1998); *Salinger v. Random House, Inc.*, 811 F.2d 90, 98 (2d Cir. 1987).  Under Defendants' incorrect world of copyright infringement where Defendants seem to believe that only identical lyrics are subject to infringement, an artist could simply change a pronoun or a word here and there to avoid infringement – and of course that is not the case.

Finally, courts in this district recently denied motions to dismiss based on the same arguments posed by Defendants.  See, e.g., *May v. Sony Music Entm't*, 399 F.Supp.3d 169, 184 (S.D.N.Y. 2019) (denying motion to dismiss copyright claims over same arguments); *TufAmerica, Inc., 968 F. Supp.2d at 604* (denying motion to dismiss copyright claim against defendant who used the lyrical phrase and recording "say what" sampled from plaintiff's song); *Williams v. Broadus, 2001 U.S. Dist. LEXIS 12894, 2001 WL 984714, at *4* (denying motion for summary judgment due to question of fact as to whether musical work sampling portions of music and lyrics from another song gave rise to substantial similarity).

       2.      The Chorus in YOU NEED IT, I GOT IT is Sufficiently Original – and Any Fact-Based Arguments Otherwise Cannot be Determined on a Motion to Dismiss.

"To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author

(as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Feist,* 499 U.S. at 345.  "To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, 'no matter how crude, humble or obvious' it might be.  Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying." *Id*. (quoting 1 M. Nimmer & D. Nimmer, Copyright (1990) § 1.08[C][1]).

Plaintiff's song YOU NEED IT, I GOT IT is an original work written by Plaintiff Josh Stone, who wrote the lyrics and musical composition, including each of the elements contained in the chorus that was copied in 7 RINGS.  And whereas Defendants may try to argue that certain components of the chorus are "unprotectible" (as "too short" or previously used in prior art)[5], that does not *ipso facto* render the song or the chorus as a whole unprotectible from copyright law – indeed, the opposite is true.  "As the Supreme Court's decision in *Feist* makes clear, a work may be copyrightable even though it is entirely a compilation of unprotectible elements." *Knitwaves, Inc. v Lollytogs Ltd.*, 71 F.3d 996, 1003-1004 (2d Cir. 1995).  "What is protectible then is 'the author's original contributions' – the original way in which the author has 'selected, coordinated, and arranged' the elements of his or her work." *Id*. (quoting *Feist*, 499 U.S. at 350, 358 (even a telephone directory may be copyrightable if its listings are selected, coordinated, or arranged in an original fashion)).

---

[5] Again, whether such lyrics are unprotectible for these reasons involves a factual conclusion not properly determined by this Court on a motion to dismiss.  *May*, 399 F.Supp.3d at 182 (this issue is not ripe for motion to dismiss; rather it is "to be explored in discovery and ultimately considered on summary judgment"); *Griffin v. Sheeran*, 351 F.Supp.3d 492, 497 (S.D.N.Y. 2019) ("Courts 'treat the question whether particular elements of a work demonstrate sufficient originality and creativity to warrant copyright protection as a question for the factfinder.'") (quoting *Matthew Bender & Co. v. W. Pub. Co.*, 158 F.3d 674, 681 (2d Cir. 1998)); *TufAmerica,* 968 F.Supp.2d at 604 ("Court cannot at the motion to dismiss stage conclude that this is in fact a common phrase").

Thus, uncopyrightable notes can be assembled into a copyrightable melody. Even a commonplace, public domain melody could become part of a copyrightable musical composition when combined in an original way with other elements of songwriting like harmony, rhythm, and structure. Turning to lyrics, though an "'ordinary' [i.e., uncopyrightable] phrase may be quoted without fear of infringement, a copier may not quote or paraphrase the sequence of creative expression that includes such a phrase." *Salinger*, 811 F.2d at 98.

Defendants claim that Plaintiff's lyrics are not sufficiently original because similar lyrics have been previously used in other prior musical works. Again, this requires a fact finder to decide, noa court on a motion to dismiss. These same arguments were offered by the defendants in *May*, 399 F.Supp.3d at 169, in which this same court denied the defendants' motion to dismiss the copyright infringement claims.  Upon reciting these same arguments, the *May* court stated that "Defendants ultimately may be correct… But whether that is so may be properly determined at summary judgment, not on this motion to dismiss where reasonable inferences are to be made, and ambiguities resolved in favor of [plaintiff], the non-moving party."  *May*, 399 F.Supp.3d at 181.

Despite Defendants' best arguments that the infringed portions of Plaintiff's work are not protectible, Defendants points are simply not ripe for determination at this stage.  Indeed, motions to dismiss in this court positing Defendants' exact arguments (including that the Court should take judicial notice of their supposed prior art) were quite recently denied:

> "Regardless of how May's allegations are construed, Defendants submit several items obtained from websites to show indisputably that the Phrase, in either May's version or strict Jamaican Patois, was well-known before May incorporated it into his song in 1988. (*See* Koonce Decl. Exs. E-N.) These materials may well confirm Defendants' contention. But that is a matter to be explored in discovery and ultimately considered on summary judgment. *TufAmerica*, 968 F.Supp.2d at 604 ("assuming, without concluding that 'say what' is a common phrase now, the Court cannot at the motion to dismiss stage conclude that this is in fact a common

15

phrase or was a common phrase at the time *Say What* was recorded"). The materials cannot form a basis to dismiss the action at this time. The materials are not referenced or included in the [complaint]. And while the Court may take judicial notice that these items are copies of material found on the internet, the existence of factual questions about their content militates against taking judicial notice for the purposes that Defendants ascribe to them.

*Id.* at 182.

Even if this Court were to consider Defendants' arguments at this stage – and disagree with recent SDNY decisions, Plaintiff sufficiently plead factual allegations to plausibly state copyright infringement claims. *See, e.g., May*, 399 F.Supp.3d at 182; *TufAmerica*, 968 F.Supp.2d at 604 (denying motion to dismiss copyright claim against defendant who used the lyrical phrase and recording "say what" sampled from plaintiff's song). *Williams v. Broadus*, 2001 U.S. Dist. LEXIS 12894 at *4 ( denying motion for summary judgement due to question of fact as to whether musical work sampling portions of music and lyrics from another song gave rise to substantial similarity).

Quite simply, Defendants' arguments about "protectability" – which are really questions over originality and creativity of the Plaintiff's work – are not ripe for a motion to dismiss. "Courts 'treat the question whether particular elements of a work demonstrate sufficient originality and creativity to warrant copyright protection as a question for the factfinder.'" *Griffin*, 351 F.Supp.3d at 497 (quoting *Matthew Bender & Co. v. W. Pub.co.*, 158 F.3d at 681. "Where experts disagree as to whether a particular musical element is original, summary judgment is inappropriate." *Id.*; *Ulloa v. Universal Music & Video Distribution Corp.*, 303 F.Supp.2d 409, 413-14 (S.D.N.Y. 2004) ("It would be improper for this Court, on a motion for summary judgment, to draw its own conclusions from this competing evidence regarding the originality of the Vocal Phrase.")

And if this is true at summary judgment (as in *Griffin, Matthew Bender and Ulloa*), it is even moreso at a motion to dismiss, especially when, as here, the Amended Complaint references an expert's conclusions that fully support plausible copyright infringement claims, and which conclusions must be accepted as true and given every inference.

C. **This Court Cannot Find that "No Substantial Similarity Exists" Between the Chorus of the Two Songs**

In citing Second Circuit authority, Defendants claim that "this Court can determine on this motion that no substantial similarity exists between Plaintiff's Work and the Grande Work as a matter of law." Defs' Br at 16. And while Plaintiff acknowledges a court's ability in this Circuit to listen to, and compare, the choruses in the subject works (*see* Young Exhs A and B), this Court cannot find that no substantial similarity whatsoever lies in this case. By doing so, this Court would have to ignore allegations in the Amended Complaint that it must accept as true – and resolve any inferences and ambiguities most favorably to Plaintiff.

Defendants apply the wrong test. Defendants ask the Court to apply the standard "comprehensive non-literal similarity" test to compare the entirety of the two songs when the "fragmented literal similarity test" is the proper test for this kind of copyright infringement.[6] Defendants also completely ignore the fact that Defendants had access to YOU NEED IT, I GOT IT prior to writing 7 RINGS. Moreover, courts acknowledge that they are not experts in music composition and as such it is standard for courts to refrain from making such determinations and, instead, to consider expert testimony concerning the compositional similarities between two works. *See Glover v. Austin,* 289 Fed. Appx.430, 431 (2d Cir. 2008); *Griffin*, 351 F.Supp.3d at 492; *Repp v. Webber*, 132 F.3d 882, 886 (2d Cir. 1997); *Gaste v. Kaiserman*, 863 F.2d 1061,

---

[6] Defendants' comparison of the entire songs at issue (and their meanings and dissimilarities) is a completely irrelevant exercise. The infringement is specific to the chorus of 7 RINGS and the "fragmented literal similarity test" turns on "'localized' rather than 'global' similarity between the two pieces." *May*, 399 F.Supp3d at 185.

1068 (2d Cir. 1988); *Arnstein v. Porter*, 154 F. 2d 464, 468 (2d Cir. 1946). That said, the similarities in the chorus of the two works are obvious enough to deny a motion to dismiss in this case. *See* (*listen to*) Young Decl. Exhs. A and B (side-by-side comparisons of the chorus of YOU NEED IT, I GOT IT and 7 RINGS).

A "fragmented literal similarity exists where the defendant copies a portion of the plaintiff's work exactly or nearly exactly, without appropriating the work's overall essence or structure." *TufAmerica*, 968 F.Supp.2d at 597 (citing *Newton v. Diamond*, 388 F.3d 1189, 1194) (citing 4 Nimmer § 130.03[A][2], at 13-45)); *see also Castle Rock*, 150 F.3d at 140 (fragmented similarity test "focuses upon copying of direct quotations or close paraphrasing"); *Ringgold v. Black Entertainment Television, Inc.*, 126 F.3d at 75 n.3 (noting that the Second Circuit has "endorsed the taxonomy" distinguishing between "fragmented literal similarity" and "comprehensive nonliteral similarity"). Under the fragmented literal similarity test, "the question of substantial similarity is determined by an analysis of 'whether the copying goes to trivial or substantial elements of the original work.'" *TufAmerica*, 968 F.Supp.2d at 598 (citing *Newton*, 388 F.3d at 1195, and *Williams v. Broadus*, 2001 U.S. Dist. LEXIS 12894 at *12; see also 4-13 Nimmer (2017) § 13.03 ("The question ... is whether the similarity relates to matter that constitutes a substantial portion of plaintiff's work — not whether such material constitutes a substantial portion of defendant's work."). Both quantitative and qualitative significance are considered. *See Nihon Keizai Shimbun, Inc. v. Comline Business Data, Inc.*, 166 F.3d 65, 71 (2d Cir. 1999). Because the copying is literal, "the copying of even a relatively small" quantitative portion of the pre-existing work may be substantial if it is of great qualitative importance to the pre-existing work as a whole. *Estate of Smith v. Cash Money Records, Inc.*, 253 F. Supp.3d 737, 746 (S.D.N.Y. 2017) (citing *Castle Rock*, 150 F.3d at 747).

Here, qualitatively, the musical portion at issue makes up the hook and chorus and forms the repeating pulse of Plaintiff's song; *i.e.*, its significance to YOU NEED IT, I GOT IT is indisputable. FAC ¶ 49. Quantitatively, the subject portion repeats four times for more than two minutes or 47% of the entire song, thereby demonstrating its quantitative significance.[7] Farkas Exh. B.

Within the context of the substantial similarity analysis, Defendants again try to parse Plaintiff's work into the smallest components (like "I got it" and "want it") to compare for similarity.  But that approach has been thoroughly rejected by the Second Circuit. "No matter which test we apply, however, we have disavowed any notion that 'we are required to dissect the works into their separate components, and compare only those elements which are in themselves copyrightable.'" *Peter F. Gaito Architecture,* 602 F.3d at 66 (quoting *Knitwaves*, 71 F.3d at 1003). *See Boisson v. Banian, Ltd.*, 273 F.3d 262, 272-73 (2d Cir. 2001). "Instead, we are principally guided 'by comparing the contested design's "total concept and overall feel" with that of the allegedly infringed work.'" Id. (quoting *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc*., 338 F.3d 127, 133 (2d Cir. 2003).  *See Boisson*, 273 F.3d at 272; *Knitwaves Inc*., 71 F.3d at 1003.  "This is so because 'the defendant may infringe on the plaintiff's work not only through literal copying of a portion of it, but also by parroting properties that are apparent only when numerous aesthetic decisions embodied in the plaintiff's work of art -- the excerpting, modifying, and arranging of [unprotectible components] . . . -- are considered in relation to one another.'" *Id*. (quoting *Tufenkian Import/Export Ventures, Inc*., 338 F.3d at 134.) "Thus, in the end, our inquiry necessarily focuses on whether the alleged infringer has misappropriated 'the

---

[7] Of course, the qualitative and quantitative significance of the infringed work in 7 RINGS is equally undeniable – as it makes up the chorus of 7 RINGS and is repeated three times for a total of 48 seconds of a sub-3 minute song or roughly 30% of the total 7 RINGS song.

original way in which the author has "selected, coordinated, and arranged" the elements of his or her work.'" *Peter F. Gaito Architecture*, 602 F.3d at 66; *Knitwaves Inc*., 71 F.3d at 1004 (quoting *Feist*, 499 U.S. at 358).

This is especially applicable here, where the songwriters of 7 RINGS clearly chose to copy many of the selected, coordinated and arranged elements of the chorus of YOU NEED IT, I GOT IT.  As Dr. Sadoff found, the chorus of 7 RINGS has "clear and permeating similarities" with YOU NEED IT, I GOT IT, including "a combination of identical and substantially similar lyrics [i.e., 9 of 12 identical words], which are recurrent.  Moreover, the lyrics are set to identical rhythmic patterns shared by the two compositions. Finally, the rhythmic and lyrical elements embodied by the songs' corresponding use within eight-measure sets of rhythmic patterns consistently include identical metrical placements within each composition."  FAC ¶57.  Indeed, throughout the duration of the chorus, "forty-five notes of 7 RINGS feature the identical metrical placement of the possible forty-eight notes embodied in YOU NEED IT, I GOT IT." FAC ¶ 61.

Courts have also held that substantial similarity exists when proof of similarity in appearance is so striking that possibilities of independent creation, coincidence and prior common source are precluded. *See La Resolana Architects, PA v. Reno Inc.*, 555 F.3d 1171, 1179 (10th Cir. 2009). *Mowry v. Viacom Int'l Inc.*, No. 03-CV-3090(AJP), 2005 WL 1793773, at 10 (S.D.N.Y. 2005) (holding that similarity may be regarded a striking even if somewhat less than verbatim; striking similarity means that it is virtually impossible that two works could have been independently created). And this is precisely the conclusion reached by Dr. Sadoff, who found that "probative of copying, it is my conclusion that the music and lyrics present in the Hook and Chorus sections of 7 RINGS would likely not have been composed without prior knowledge of YOU

NEED IT, I GOT IT." FAC ¶ 55.  Dr. Sadoff also concluded that the chorus of the songs were substantially similar. FAC ¶ 58.

Of course, this substantial similarity is not coincidental. Plaintiff points to the fact that he played YOU NEED IT, I GOT IT at Defendant Universal Music Group's offices in Los Angeles at a meeting with, among others, Tommy Brown more than one year prior to Tommy Brown (and the other Individual Defendants) writing 7 RINGS.  FAC ¶¶ 37-39.  Indeed, Tommy Brown has written songs for each of Ariana Grande's five studio albums.  FAC ¶ 40.  Tommy Brown discussed the song with Plaintiff – telling him he liked the song, he previously worked with one of the artists on the song, and was interested in collaborating the Plaintiff on the song.  FAC ¶¶ 38-45.

### III.    Plaintiff Sufficiently States A Claim for "False Designation of Origin" and "Reverse Passing Off" under the Lanham Act.

Plaintiff sufficiently and plausibly states a cause of action for "false designation of origin" and "reverse passing off" under the Lanham Act in the context of a motion to dismiss. *Levine v. Landy,* 832 F.Supp.2d 176, 192 (N.D.N.Y. 2011). "[T]he Copyright Act and the Lanham Act address different harms. Through a copyright infringement action, a copyright owner may control who publishes, sells, or otherwise uses a work. Through a Lanham Act action, an author may ensure that his or her name is associated with a work when the work is used."  *Id*. (citing *Waldman Publ. Corp. v. Landoll, Inc.*, 43 F3d 775, 778 (2d Cir 1994)). In the context of written works, the Lanham Act may be used to prevent "the misappropriation of credit properly belonging to the original creator" of the work.  Restatement § 5, cmt. (c); *see also* 2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 8.21[E] (1994) (an author may claim violation of section 43(a) if his work is published without his name).

21

Courts have held that reverse passing off as applied to a written work involves somewhat *different concepts* than the typical manufactured product. *Levine,* 832 F.Supp.2d at 190. The court explained that with written works, the Lanham Act may be used to prevent the misappropriation of credit properly belonging to the original creator of the work. Thus, the Lanham Act prohibits the reproduction of a work with a false representation as to its creator. *Levine*, 832 F Supp 2d at 180. The misappropriation is that of the *artistic talent* required to create the work, not of the manufacturing talent required for publication. *Id.*

Defendants callously accuse Plaintiff of violating FRCP Rule 11 by not withdrawing his Lanham Act-based claims. Defendants claim that *Levine v. Landy* is distinguishable in its facts and, without any supporting authority, that *Levine* is no longer good law because of *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), which is a curious argument considering that *Levine* was decided eight years <u>after</u> the *Dastar* decision. In an effort to undermine the courts holding in *Levine*, Defendants misconstrue the holding in *Narrative Ark Entm't LLC v. Archie Comic Publ'ns, Inc.*, No. 16-CV-6109 (VB), 2017 US Dist LEXIS 143480, at *12 (S.D.N.Y. Sept. 5, 2017). The decision in *Narrative Ark* does not upset the holding in *Landy v. Levine*; rather, the court in *Narrative Ark* simply stated that the plaintiff's (i.e., Narrative Ark's) "reliance on *Levine v. Landy* is misguided" in that case. In fact, the court in *Narrative Ark* recognized *Levine v. Landy* for the proposition that Lanham Act claims post-*Dastar* could proceed despite a motion to dismiss claiming that such claims are preempted by the Copyright Act: "In that case [*Levine*], the court distinguished its facts from <u>*Dastar*</u> and its progeny, concluding the plaintiff alleged the defendants had misrepresented the origin of the photographs themselves, rather than the ideas, concepts, or communications embodied in the photographs." *Narrative Ark*, 2017 US Dist LEXIS 143480, at *12.

22

Here, in a fashion similar to, and legally supported by, *Levine*, Plaintiff alleges facts in his Amended Complaint that entirely support his Lanham Act claims.  And similar to the distinction made by *Levine* (and *Narrative Ark* in summarizing *Levine*), Plaintiff is alleging that Defendants have misrepresented the origin of their actual song, 7 RINGS, whose chorus was copied from YOU NEED IT, I GOT IT – not the ideas or concepts of the song.

And while Defendants may disagree with *Levine* (and Plaintiff's reliance thereon), *Levine* is still good law and Plaintiff's good faith reliance thereupon cannot possibly give rise to a violation of FRCP Rule 11.  Indeed, Plaintiff's reliance on a current case for the basis of its Lanham Act claims require this Court, at this stage, to deny Defendants' motion to dismiss the Lanham Act claims.  Finally, Defendants invoking Rule 11, frankly aside from seeming reprehensible, is more likely a tactic to influence this Court rather than any substantive or credible argument.

**IV.    Plaintiff Sufficiently States A Claim for Vicarious Copyright Infringement.**

Defendants offer two arguments for why Plaintiff's vicarious copyright infringement claims should be dismissed – and both fall flat.  First, Defendants argue that if the direct infringement claim is dismissed, the vicarious liability claim must also be dismissed.  *Ariel (U.K.) Ltd. v Reuters Group PLC*, 2006 US Dist LEXIS 79319, at *30 (S.D.N.Y. Oct. 31, 2006).  However, as established herein, Plaintiff's direct infringement claim should not be dismissed.  Second, Defendants argue that Plaintiff does not meet its pleading requirements by factual allegations made "upon information and belief," citing *Twombly*.

"Vicarious liability rests not on the defendant's relationship to the direct infringement but rather on the defendant's relationship to the direct <u>infringer</u>. Vicarious liability may exist 'when the right and ability to supervise coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials, . . . even in the absence of actual knowledge that the

copyright monopoly is being impaired. . . .'" *Watson v. Cie. Financiére Richemont SA*, 2020 US Dist LEXIS 154709, at *20-21 (S.D.N.Y. Aug. 25, 2020) (denying motion to dismiss claim for vicarious liability) (quoting *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F.Supp. 728, 732-33 (S.D.N.Y. 1996) and *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963).

Here, Plaintiff has pleaded, among other things, that, "[u]pon information and belief, the Defendants derive a direct financial benefit from this infringement, including without limitation revenue sharing and/or royalty payments for each infringing version sold" and that, "[u]pon information and belief, Defendants have the right and ability to supervise the activities of those engaged in the infringement, including without limitation contractual rights, license agreement(s), and/or other artistic or approval rights." FAC ¶¶ 107-108.

"Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Arista Records LLC v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). Twombly requires only that Plaintiff allege in the Amended Complaint "enough to make the claim 'plausible.'" *Twombly*, 550 U.S. at 570. "The *Twombly* plausibility standard, which applies to all civil actions does not prevent a plaintiff from 'pleading facts alleged "upon information and belief" where the facts are peculiarly within the possession and control of the defendant,' *see, e.g., Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008), or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records*, 604 F3d at 120 (internal citations omitted).

Without the benefit of discovery, it would be impossible for Plaintiff to possess the amount of particularity that Defendants wrongfully impose upon them. Indeed, these facts are within the

possession of Defendants and will only be fully ascertained through discovery.  This point applies equally to Defendants' argument that Plaintiff fails to plead sufficient details and Defendants' argument that Plaintiff's "group pleading" fails to differentiate which Defendants are liable for direct infringement versus vicarious infringement.   Again, Plaintiff has sufficiently placed Defendants on notice of his claims – and Plaintiff could not possibly possess this information (which is solely in Defendants' possession and control) without an opportunity for discovery. *Benjamin v. Consol. Edison Co. of NY*, 2018 US Dist LEXIS 45678, at *4 (S.D.N.Y. Mar. 20, 2018, No. 17-CV-1720 (JMF)) (denying defendant's motion to dismiss).   Moreover, the same factual allegations made by Plaintiff were held by this court to sufficiently and plausibly state a claim for vicarious copyright infringement. *Rams v. Def Jam Recs., Inc.*, 202 F.Supp.3d 376, 384-386 (S.D.N.Y. 2016) (denying motion to dismiss claim for vicarious copyright liability where "Plaintiffs allege that Felton had 'the right and ability to supervise the infringing conduct'").

## CONCLUSION

For all the foregoing reasons set forth herein and in Plaintiff's accompanying papers, Plaintiff respectfully submits to this Court that Defendants' motion to dismiss must be denied in its entirety.

Dated: Hauppauge, New York
          October 26, 2020

                                        STUDIN YOUNG PC

                                        By: _____
                                              Tamir Young, Esq.
                                        350 Motor Parkway, Suite 404
                                        Hauppauge, New York 11788
                                        (631) 414-7500
                                        tyoung@studinyounglaw.com

                                        *Counsel for Plaintiff*