# STUDIN YOUNG PC

350 MOTOR PARKWAY, SUITE 404
HAUPPAUGE, NY 11788

••••••••••

TEL: (631) 414-7500
FAX: (631) 410-2590
WWW.STUDINYOUNGLAW.COM

Tamir Young, Esq.
tamir@studinyounglaw.com

October 26, 2020

<u>*Via ECF*</u>
The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    **Re:**    <u>***Stone v. Grande et al.*, 20-cv-0441 (NRB)**</u>

Dear Judge Buchwald,

We write on behalf of Plaintiff Josh Stone in the above-referenced action pursuant to Section 2.E.1 of Your Honor's Individual Practices to outline the arguments advanced in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Complaint pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF No. 38.

Plaintiff brings this action for copyright infringement and violation of the Lanham Act arising from the Defendants' unauthorized reproduction, distribution and public performance of the Plaintiff's copyrighted musical composition "You Need It, I Got It" through Defendants' song "7 Rings," written by the individual Defendants, and for false designation of origin and reverse passing off in violation § 43(a) of the Lanham Act.

**I.**    <u>**Plaintiff Sufficiently States a Claim for Copyright Infringement**</u>

Plaintiff specifically alleges copyright infringement of numerous elements of the <u>chorus</u> of YOU NEED IT, I GOT IT by Defendants in the <u>chorus</u> of 7 RINGS, including the lyrics, rhythmic structures, duration of the rhythmic pattern, metrical placement of the phrases in the chorus, and other unique elements like the inflection and melody in delivering its hook and chorus. FAC ¶¶ 47-63. Plaintiff incorporates and relies on the musical works at issue in the Amended Complaint, as well as the musicological analysis of renowned expert, Dr. Ronald Sadoff, referenced in the Amended Complaint, who performed a comparative analysis of YOU NEED IT, I GOT IT and 7 RINGS and found "significant evidence of clear and permeating similarities in both music and lyrics" "probative of copying."  FAC ¶¶ 54-57. This Court must accept as true all such allegations at this procedural stage.

In their motion to dismiss, Defendants offer a series of arguments that raise factual issues that this court has repeatedly refused to determine upon a motion to dismiss, including that certain

elements of Plaintiff's chorus are unprotectable by copyright law – such as "short, commonplace phrases" in the lyrics or "general rhythms." The critical flaw in Defendants' argument is that Defendants assume that this Court must accept their factual conclusions as true – when the opposite is true. Whether such lyrics are unprotectible for these reasons involves a factual conclusion not properly determined by this Court on a motion to dismiss. *May v. Sony Music Entm't*, 399 F.Supp.3d 169, 182-184 (S.D.N.Y. 2019) (this issue is not ripe for motion to dismiss; rather it is "to be explored in discovery and ultimately considered on summary judgment"); *Griffin v. Sheeran*, 351 F.Supp.3d 492, 497 (S.D.N.Y. 2019) ("Courts 'treat the question whether particular elements of a work demonstrate sufficient originality and creativity to warrant copyright protection as a question for the factfinder.'") (quoting *Matthew Bender & Co. v. W. Pub. Co.*, 158 F.3d 674, 681 (2d Cir. 1998)); *TufAmerica,* 968 F.Supp.2d at 604 ("Court cannot at the motion to dismiss stage conclude that this is in fact a common phrase," denying motion to dismiss copyright claim against defendant who used the short, commonplace phrase "say what" sampled from plaintiff's song).

Defendants also argue a lack of "substantial similarity," but in doing so, Defendants apply the wrong test. Defendants use the "comprehensive nonliteral similarity" test to compare the *entirety* of the two songs when the "fragmented literal similarity test" is the proper test for this kind of copyright infringement.[1] A "fragmented literal similarity exists where the defendant copies a portion of the plaintiff's work exactly or nearly exactly, without appropriating the work's overall essence or structure." *TufAmerica*, 968 F.Supp.2d at 597. Here, Defendants copied nearly every element of the chorus of YOU NEED IT, I GOT IT – lyrics, rhythmic structures, duration of the rhythmic pattern, metrical placement of the phrases in the chorus, and other unique elements like the inflection and melody.

Defendants also argue that Plaintiff's work is not original enough to be protectable. But Defendants are wrong. "To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Feist Publications, Inc. v. Rural Tel Serv. Co.*, 499 U.S. 340, 345-346 (1991). "To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, 'no matter how crude, humble or obvious' it might be. Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying." *Id*. (quoting 1 M. Nimmer & D. Nimmer, Copyright (1990) § 1.08[C][1]).

As the songwriter, Plaintiff Josh Stone selected, coordinated and arranged the lyrics and musical elements to create its unique, original and pulsating chorus – and Defendants' copying of that constitutes infringement of protectible copyright. *Peter F. Gaito Architecture v. Simone Dev. Corp.*, 602 F.3d 57, 66 (2d Cir. 2010) ("our inquiry necessarily focuses on whether the alleged infringer has misappropriated 'the original way in which the author has "selected, coordinated, and arranged" the elements of his or her work'").

---

[1] Defendants' comparison of the entire songs at issue (and their meanings and dissimilarities) is a completely irrelevant exercise. The infringement is specific to the chorus of 7 RINGS and the "fragmented literal similarity test" turns on "'localized' rather than 'global' similarity between the two pieces." *May*, 399 F.Supp3d at 185.

## II. Plaintiff Sufficiently States a Claim for his Lanham Act Claims

Defendants argue that *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) forecloses Plaintiff's Lanham Act claims. However, a post-*Dastar* decision recognizes Lanham Act claims under facts alleged in the Amended Complaint. "The Copyright Act and the Lanham Act address different harms. Through a copyright infringement action, a copyright owner may control who publishes, sells, or otherwise uses a work. Through a Lanham Act action, an author may ensure that his or her name is associated with a work when the work is used." *Levine v. Landy,* 832 F.Supp.2d 176, 192 (N.D.N.Y. 2011).

Defendants claim that *Levine v. Landy* is no longer good law because of *Dastar*, which is a curious argument considering that *Levine* was decided eight years after *Dastar*. In an effort to undermine the courts holding in *Levine*, Defendants misconstrue the holding in *Narrative Ark Entm't LLC v. Archie Comic Publ'ns, Inc.*, No. 16-CV-6109 (VB), 2017 US Dist LEXIS 143480, at *12 (S.D.N.Y. Sept. 5, 2017). However, the decision in *Narrative Ark* does not upset the holding in *Levine*; rather, the court in *Narrative Ark* recognized *Levine* for the proposition that Lanham Act claims post-*Dastar* could proceed despite a motion to dismiss claiming that such claims are preempted by the Copyright Act: "In that case [*Levine*], the court distinguished its facts from *Dastar* and its progeny, concluding the plaintiff alleged the defendants had misrepresented the origin of the photographs themselves, rather than the ideas, concepts, or communications embodied in the photographs." *Narrative Ark*, at *12.

Here, in a fashion similar to, and legally supported by, *Levine v Landy*, Plaintiff has alleged sufficient facts to support its Lanham Act claims.

## III. Plaintiff Sufficiently States a Claim for Vicarious Copyright Infringement

First, Defendants argue that Plaintiff's vicarious copyright infringement fails because its direct infringement claim fails – but Plaintiff has sufficiently pleaded direct infringement.

Second, Defendants argue that Plaintiffs allegations lack specificity and are made "upon information and belief." However, Plaintiffs have met the Twombly plausibility standard, which "does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant." *Arista Records*, 604 F3d at 120 (internal citations omitted). Without discovery, it would be impossible for Plaintiff to possess the amount of particularity that Defendants wrongfully impose upon them. Moreover, Plaintiff's allegations in the Amended Complaint, accepted as true, sufficiently state a claim for vicarious copyright infringement.

Plaintiff refers this Court to his Memorandum of Law and respectfully submits that this Court must deny Defendants' motion to dismiss in its entirety.

Respectfully submitted,

Tamir Young